UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE FRANKLIN LAW FIRM, P.A.,**

    **Plaintiff,**

v.                                       **Case No. 8:19-cv-1839-T-35AAS**

**JOHN D. STACEY,**

    **Defendant,**
_____/

# ORDER

The Franklin Law Firm, P.A. (Franklin) moves to compel John D. Stacey to provide a better interrogatory response and to produce documents. (Doc. 26). Stacey responded in opposition to the motion. (Doc. 27).

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery is meant to help parties ascertain facts that bear on issues in the case. *ACLU of Fla., Inc. v. City of Sarasota,* 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving that the requested discovery is relevant. *Douglas v. Kohl's Dep't. Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically demonstrate how the

1

requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559-60 (11th Cir. 1985).

Franklin sued former client Stacey for breach of contract and quantum meruit, seeking its allegedly unpaid attorney's fees. (Doc. 13). Franklin represented Stacey in a domestic relations case in Polk County Circuit Court, Case No.: 2007-DR-000243, from January 2014 through June 2018.

Franklin moves to compel a better response to interrogatory no. 1 and to produce documents in response to request for production no. 1. (Doc. 26). Interrogatory no. 1 requests,

> For each of your attorneys who represented you in your divorce proceeding, John D. Stacey v. Emma S. Stacey, Polk County Case No.: 2007DR-000243, please state in detail, the time period which each attorney represented you, and the amount you paid for that attorney's services for the time period for which said attorney represented you.

(Doc. 26-1). In response, Stacey states,

> Defendant objects to the request in that it is overly broad, unduly burdensome, oppressive, and seeks information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. More specifically, the Defendant's representation in Polk County Case No.: 2007DR-0000243 by, and amounts paid to, attorneys other than Plaintiff has nothing to do with the claims, defenses, counter-claims, or issues concerning Plaintiff's services, charges by Plaintiff, payment to Plaintiff, or anything else related to the instant case. Without waiving, and subject to such objections: the names of the attorneys that I recall having represented me in the Polk domestic relations case are Rusty Franklin, Luke Mattson, Nile Brooks, Robert Petty, and, Cheney Mason (others may be indicated in the Court file if the

> domestic relations case), other than Plaintiff's representation was from 2014 through 2018; I do not recall the amount paid to each attorney, other than what may have already been provided and/or pled in the instant case as to Rusty Franklin.

(Doc. 26-2). Request for Production No. 1 requests,

> For each of your attorney identified in your answers to the Interrogatories propounded on November 27, 2019, produce any and all cancelled checks (with the account numbers redacted), paid invoices, accounting ledgers, and/or any other documents evidencing you paid to each attorney who represented you in your divorce proceeding titled: John D. Stacey v. Emma S. Stacey, Polk County Case No.: 2007 DR-000243.

(Doc. 26-3). In response, Stacey states,

> Defendant objects to the request in that it is overly broad, unduly burdensome, oppressive, and seeks information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. More specifically, the Defendant's representation in Polk County Case No.: 2007DR-0000243 by, and amounts paid to, attorneys other than Plaintiff has nothing to do with the claims, defenses, counter-claims, or issues concerning Plaintiff's services, charges by Plaintiff, payment to Plaintiff, or anything else related to the instant case. Without waiving, and subject to such objections, as to compensation to Plaintiff, Defendant is not currently holding responsive documents, continues to search for responsive documents, and will provide same to Plaintiff if/when located. However, some payments were made to Plaintiff in cash (at Plaintiff's request), some was paid by others on Defendant's behalf, and some included payment in trade (such as the paved road behind Plaintiff's house).

(Doc. 26-4).

Franklin argues information about Stacey's prior representation is relevant

because of its claim for quantum meruit. (Doc. 26, pp. 3-4). To satisfy the elements of quantum meruit, a plaintiff must show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services that, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it. *W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So.2d 297 (Fla. 1st DCA 1999).

Information about the rates of Stacey's prior counsel offers little probative value of the alleged benefit provided by Franklin to Stacey. Likewise, Stacey's payments to prior counsel and their respective rates is not relevant to the determination of the reasonable hours expended or the reasonable hourly rates of Franklin's representation. Thus, these requests are not relevant or proportional to the needs to this action.

That said, Stacey responded to these requests. In response to interrogatory no. 1, Stacey listed her prior counsel and stated he did not recall the amount paid to each attorney other than what was already provided. (Doc. 26-2). In response to request for production no. 1, Stacey is trying to locate responsive documents evidencing payments made to Franklin (although Franklin likely has this information). As for Stacey's prior counsel, Stacey responded "under oath . . . that he is not in possession of any documents that would show what he may have paid to these other attorneys 7 - 13 years ago." (Doc. 27, p. 4).

Stacey's responses to Franklin's discovery requests are sufficient. Thus,

4

Franklin's motion to compel (Doc. 26) is **DENIED**. Each party will bear their own attorney's fees and costs associated with this motion.

**ORDERED** in Tampa, Florida on February 20, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge